Pamela S. Sullivan
Marion C. Kelly
Wade, Kelly & Sullivan
745 W. 4th Avenue, Suite 425
Anchorage, AK 99501
(907) 561-7743
Attorneys for Plaintiffs

Phillip Paul Weidner
Phillip Paul Weidner & Associates, APC
330 L Street, Suite 200
Anchorage, Alaska 99501
(907) 276-1200
Co-Counsel for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA

CHERRY DIETZMANN, Individually;           )
MINOR J.A.II, by and through)
his Mother and Guardian, CHERRY           )
DIETZMANN; and MINOR D.A.                  )
by and through her Mother and             )
Guardian, CHERRY DIETZMANN,               )
                                          )
            Plaintiffs,           )
                                          )
        vs.                       )
                                          )
UNITED STATES OF AMERICA; UNITED          )
STATES MARSHAL'S OFFICE; KEVIN            )
GUINN in his official capacity as         )
a United States Deputy Marshal            )
and in his individual capacity; and)
JOHN OLSON, JR. in his official           )
Capacity as a United States Deputy )
Marshal and in his individual            )
capacity; and John Does I-X who are)
employees and/or agents of the            )
United States Marshal's Office            )
and/or other agencies of the United)
States;                                   )
                                          )  Case No. _____
        Defendants.                )
_____)

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

*Dietzmann, et al. v. U.S.A., et al.*
Page 1 of 25
Case 3:09-cv-00019-RJB   Document 1   Filed 01/30/09   Page 1 of 25

# COMPLAINT

## I.   PARTIES

1.   Plaintiffs, Cherry Dietzmann and the minor J. A.II and minor D. A (hereinafter collectively the "Dietzmann-Anderson plaintiffs"), were harmed, and will be harmed, by Defendants' culpable conduct as set out herein. Minors J. A. II and D. A. bring this action through their Mother and Guardian, Cherry Dietzmann. Cherry Dietzmann brings this action Individually, and on behalf of her two Minor Children, J. A. II and D. A.

2.   On information and belief, the Defendant United States Marshal's Office is a Department of Justice division and/or agency of the Defendant United States of America. Said Defendants are responsible and/or vicariously liable for the actions of the named United States Deputy Marshal Defendants and other law enforcement officers acting as their agents or employees and/or in conjunction with them and/or other agents or persons as to the attempted apprehension referenced herein of Jason Anderson, Sr.

3.   On information and belief, Defendant Kevin Guinn, a United States Deputy Marshal is and/or was at the time of events referenced to herein, an employee and/or agent of the United States Marshal's Office and was and/or is acting in a culpable

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

*Dietzmann, et al. v. U.S.A., et al.*
Page 2 of 25
Case 3:09-cv-00019-RJB   Document 1   Filed 01/30/09   Page 2 of 25

fashion in the State of Alaska, so as to subject him to the jurisdiction of this Court.

4.  On information and belief, Defendant John Olson, Jr., a United States Deputy Marshal is and/or was at the time of events referenced to herein, an employee and/or agent of the United States Marshal's Office and was and/or is acting in a culpable fashion in the State of Alaska, so as to subject him to the jurisdiction of this Court.

5.  Defendants John Does I-IX are and/or were employees and/or agents of the United States Marshal's Office and/or the federal agencies involved in the negligent and/or reckless planning and execution of the attempted arrest of Jason Anderson, Sr. at the Homer Airport and/or post shooting investigation of same and were, or are, acting in a culpable fashion in the State of Alaska so as to subject them to the jurisdiction of this Court. Certain of defendants John Does I-X were aware of the propensity of certain individual United States Marshals involved in the attempted arrest to engage in inappropriate, impulsive, aggressive, reckless and/or violent behavior before the incident and did not take appropriate corrective and/or supervisory actions to remedy same.

6.  Certain culpable parties and/or entities, as to the incident, injuries, damages addressed herein, have been sued separately in Alaska State Court in Dietzmann, et al v. City of

Case 3:09-cv-00019-RJB   Document 1   Filed 01/30/09   Page 3 of 25

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Homer, et al., Case 3KN-08-156 CI, and plaintiffs reserve the right to seek appropriate relief against all culpable defendants in the appropriate Court/jurisdiction, applying the appropriate law.

7. The Defendants are liable under the applicable provisions of the U.S. Statutes including the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. Jurisdiction is conferred under 28 U.S.C. § 1346(b), 28 U.S.C. § 1402(b), and 28 U.S.C. § 2675(a).

8. Separate administrative claims on behalf of the Anderson-Dietzmann Plaintiffs, were timely filed with the United States Marshal's Office, et al., as a result of the injuries to minor J. A. II. The administrative claim on behalf of minor J. A. II was for a sum of $75,000,000.00; the administrative claim on behalf of Cherry Dietzmann was for a sum of $20,000,000.00; the administrative claim on behalf of minor D. A. was for a sum of $5,000,000.00. Said administrative claims are incorporated herein by reference and re-alleged herein.

9. The United States of America and/or the United States Marshal's Office has failed to make a final disposition of the claims of Plaintiffs, and due to the fact that more than six months have passed, Plaintiffs have elected to file their complaint in the United States District Court pursuant to 28 U.S.C. § 2675(a).

10. This claim is timely filed under 28 U.S.C. § 2401(a)(b) and 28 U.S.C. § 2675(a).

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

## II. PREAMBLE AS TO CULPABLE CONDUCT, CAUSES OF ACTION & DAMAGES

On or about March 1, 2006, certain of the Defendants and/or employees or agents of the Defendants aided and abetted by other law enforcement, attempted to apprehend and arrest Jason Anderson, Sr. at the Homer Airport in Homer, Alaska. Minor J. A. II was a passenger in a car operated by his father, Jason Anderson, Sr. Minor J. A. II's sister, minor D. A., was also in the car. The father was a fugitive under U.S. Indictment and sought for apprehension. Certain law enforcement officers and/or agents of the Defendants had been told by Cherry Dietzmann (the mother of Minors J. A. II and D.A.), and/or by others, that Anderson, Sr. was carrying a gun and had and/or would have his children in the car, and if apprehension was sought in the presence of the children that they would most likely be harmed. Despite this, the Defendants planned to apprehend Jason Anderson, Sr., in circumstances in which his children were foreseeably involved, and then when their plan went awry an officer and/or officers initiated confrontation, by placing a law enforcement vehicle and/or vehicles to block Mr. Anderson's vehicle, losing any element of surprise and leaving no opportunity to safely extricate the children in the event the confrontation escalated, therefore, placing lives of the children and many people at the Homer Airport in danger of great

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

bodily harm and injury.  The Officers and/or employees and/or agents of Defendants conducting the attempted "sting" apprehension had knowledge that if they did so via the manner in which they had initially planned and/or as they then planned and/or proceeded, the two minor children and the many other people at the Homer Airport that day would be in serious danger of harm.  The Defendants had such knowledge, given the suspect Jason Anderson Sr.'s history, as well as intelligence information from federal agencies, State agencies or divisions, local authorities, and warnings from Cherry Dietzmann and other acquaintances of Mr. Anderson and/or informants and/or citizens.

The officers knew, or should have known, that given the circumstances by and in which Jason Anderson, Sr. was maintaining custody of the two minor children, that the children were at grave risk of harm and injury if the officers acted to attempt and/or re-attempt the apprehension as they had planned and/or as they did and precipitate a confrontation with the children present, as they did.

Guns were drawn and the officers fired into Jason Anderson, Sr.'s vehicle.  As a result of the shootout, Jason Anderson, Sr. was killed.  Multiple bullets penetrated the vehicle, including many bullets penetrating Jason Anderson, Sr., and at least one bullet striking minor J. A. II in the head, destroying one eye, and causing massive brain damage.  Notwithstanding the

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

foreseeable harm, consequences, and circumstances, the arresting officers and/or certain employees and/or agents of the Defendants proceeded in a culpable and/or negligent and/or reckless fashion to plan, conduct, and attempt and/or re-attempt the apprehension. Due to the nature of the information known as to Jason Anderson, Sr., there was no sufficient urgency or other considerations to compel the officers to act as they did and initially planned, or to continue as they did, or to justify their actions. The arresting officers and/or certain employees and/or agents of the Defendants negligently and/or recklessly violated their duties and obligations to minor J. A. II, minor D.A., and Cherry Dietzmann in the apprehension process, and failed to use due care in planning, attempting, and/or re-attempting to make this arrest in this manner, and they are liable for same, including their culpable conduct before and during the attempted apprehension, and thereafter. As a proximate cause of their culpable conduct, the Minor J. A. II, his sister minor D.A., and their mother Cherry Dietzmann suffered and will suffer grave harm, psychological and physical injury, as well as personal and economic damages.

Plaintiffs seek all damages due as to all relevant causes of action under applicable law as a result of the negligent, reckless, and/or culpable conduct of the defendants and the Officers in planning, conducting, attempting, and/or re-

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Case 3:09-cv-00019-RJB   Document 1   Filed 01/30/09   Page 7 of 25

attempting the apprehension, and all their negligent, reckless, and/or culpable conduct, before, during, and after the confrontation with Jason Anderson, Sr., and harm to minor J. A. II, minor D. A., and Cherry Dietzmann, including all economic, physical, psychological and emotional, and/or other derivative injuries proximately caused by same, including all damages due, given the Defendants' duties and obligations to the Plaintiffs, and the culpable violation by defendants of same.

Minor J. A. II suffered loss of his sight in one eye, and permanent and severe TBI (Traumatic Brain Injury). He will need lifelong 24-hour care, treatment, and assistance to meet his special needs and disabilities and will suffer damages throughout his natural life. Minor J. A. II, through his mother, states a claim for such negligent, reckless, and/or culpable conduct and violations of the Defendants' duties and obligations, and for psychological and physical harm and injury, negligent and/or reckless infliction of emotional distress, loss of consortium, pain and suffering, past and future medical expenses, loss of opportunity for employment, loss of earning capacity and enjoyment of life, loss of society and companionship, and other relevant claims and damages, and he states and asserts claims for all causes and damages of action due under the applicable law.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

*Dietzmann, et al. v. U.S.A., et al.*
Page 8 of 25
Case 3:09-cv-00019-RJB   Document 1   Filed 01/30/09   Page 8 of 25

Minor D.A., as a result of witnessing these horrifying events, and narrowly missing injury herself (but being put in extreme apprehension of imminent bodily harm), has suffered extreme psychological harm and injury, and emotional distress, and will suffer damages as to same throughout her natural life. As a result, minor D.A. will require counseling and treatment throughout the remainder of her natural life. Minor D. A., through her mother, states and asserts claims for all causes of action and damages due under the applicable law, reference such culpable conduct, and violations of duties and obligations, and such psychological harm and injuries, negligent and/or reckless infliction of emotional distress, and loss of consortium as to her brother minor J. A. II.

Cherry Dietzmann states and asserts a claim regarding defendants' negligent, reckless, and/or culpable conduct, and defendants' violations of their duties and obligations; psychological harm and injury; negligent and/or reckless infliction of emotional distress; loss of consortium regarding the severe injury to her son, minor J. A. II; and psychological harm and emotional distress; and emotional distress and loss of consortium related to her daughter, minor D.A. Cherry Dietzmann did not have time to steel herself before witnessing minor J. A. II in Providence Alaska Medical Center fighting for his life, or before witnessing her traumatized daughter minor D.A. As a

Case 3:09-cv-00019-RJB   Document 1   Filed 01/30/09   Page 9 of 25

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

result, she suffered extreme psychological injury and emotional distress and will continue to suffer same throughout her natural life. Cherry Dietzmann has suffered, and will suffer in the future with reasonable certainty, by being deprived of the love, companionship, comfort, affection, society, solace and moral support of her son minor J. A. II and her daughter, minor D.A.

The officers and/or other Defendants are liable due to the Tort of Outrage as to all three Plaintiffs. The Defendants are also, as stated, liable for spoliation of evidence and denial of the right to a full and fair civil and criminal investigation due under the applicable constitutional provisions and statutes and common law. As to all three Plaintiffs (Minor J. A. II, minor D.A., and Cherry Dietzmann), Cherry Dietzmann states and asserts claims and damages for all causes of action and damages due under the applicable law, reference such culpable conduct, as to the negligent, reckless and/or culpable planning, conducting, attempts and re-attempts as to the apprehension of Jason Anderson, Sr., and violation of the duties and obligations of the Officers to minor J. A. II, minor D.A., and Cherry Dietzmann before, during, and after same as to such attempted apprehension and events. This includes all claims, causes of action, and damages due under all applicable law.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

### III. **MORE SPECIFIC FACTS**

30. On or about March 1, 2006, plaintiffs minor J.A.II and minor D.A. were back-seat passengers in a rental vehicle, license plate no. ENL 522, operated by their father, Jason Anderson, Sr. at the Homer Airport in Homer, Alaska. Allegations as to license plate no. ENL522 and/or identification of said vehicle may be added by amending the Complaint without prejudice in light of proof.

31. Plaintiffs, minor J.A. II and minor D.A., were in baby or infant car seats in the back seat of said vehicle, and were exercising all due and reasonable care at all relevant times.

32. Jason Anderson, Sr. was the driver of the rental vehicle.

33. On information and belief, agents of certain Defendants and/or law enforcement officials, including certain of the above-named Defendants and/or their agents, sought to arrest Jason Anderson, Sr.

34. On information and belief, on and before March 1, 2006, the United States Marshal's Office and/or certain of the above-named defendants and/or their agents were working and cooperating and planning to apprehend and/or attempting to apprehend Jason Anderson, Sr.

35. On or before March 1, 2006, the Defendants, United

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

States of America and/or United States Marshal's Office, Defendant Kevin Guinn, Defendant John Olson, Jr., Defendants John Does I-X, and certain other entities and individuals including certain of the following, City of Homer, the Homer Police Department, and Homer Police Sgt. Kuhns, Sgt. Hutt, Officer Shealy, Officer Luck, certain of the John and/or Jane Doe Homer Police Officers 1-10,the State of Alaska, Alaska State Troopers, Alaska State Trooper Arthur "Tom" Dunn, Alaska State Trooper Vic Aye, Alaska State Trooper David Sherbahn, Alaska State Trooper Michael Henry, Alaska State Trooper Captain Tom Bowman, and certain of Alaska State Troopers, Alaska State Trooper Investigator David Hanson, Alaska State Trooper Investigator Tim Hunyor, Alaska State Trooper Investigator Eugene Fowler, Alaska State Trooper Investigator Scott Briggs, Alaska State Trooper Travis Bordner, Alaska State Trooper Investigator Robert Hunter, Alaska State Trooper Investigator Mark Pearson, Alaska State Trooper Investigator Michelyn Grigg, Alaska State Trooper Sgt. Randy McPherron, Alaska State Trooper Investigator Eric Burroughs, and John and/or Jane Doe Alaska State Troopers 11-20, and/or their agents or employees and/or persons acting in concert with them, had actual or constructive notice that Jason Anderson, Sr. was armed with a gun and that a confrontation, while Jason Anderson, Sr. had the children with him could lead to a dangerous situation, with foreseeable harm

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

and injury to the Plaintiffs.

36. On or before March 1, 2006, the Defendants United States of America and/or United States Marshal's Office, Defendant Kevin Guinn, Defendant John Olson, Jr., Defendants John Does I-X, and certain other entities and individuals including certain of the following, City of Homer, the Homer Police Department, Sgt. Kuhns, Sgt. Hutt, Officer Shealy, Officer Luck, certain of the John and/or Jane Doe Homer Police Officers 1-10, the State of Alaska Defendant, Alaska State Troopers Defendant, Alaska State Trooper Arthur "Tom" Dunn, Alaska State Trooper Vic Aye, Alaska State Trooper David Sherbahn, Alaska State Trooper Michael Henry, Alaska State Trooper Captain Tom Bowman, and certain of the Alaska State Troopers, Investigator David Hanson, Investigator Tim Hunyor, Investigator Eugene Fowler, Investigator Scott Briggs; Trooper Travis Bordner; Investigator Robert Hunter, Investigator Mark Pearson, Investigator Michelyn Grigg, Sgt. Randy McPherron, Investigator Eric Burroughs, and John and/or Jane Doe Alaska State Troopers 11-20, and/or their agents or employees and/or persons acting in concert with them, had actual or constructive notice of where Jason Anderson, Sr. was living in Homer, Alaska, and he could have been safely apprehended in a manner that would have protected the Plaintiffs.

37. On March 1, 2006, the United States of America and/or

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

United States Marshal's Office, Defendant Kevin Guinn, Defendant John Olson, Jr., Defendants John Does I-X, and certain other entities and individuals including certain of the following, the City of Homer, Homer Police Department, State of Alaska, Alaska State Troopers, Sgt. Kuhns, Sgt. Hutt, Officer Shealy, and Officer Luck, and certain of the named Defendants, John and/or Jane Doe Homer Police Officers 1-10 and John and/or Jane Doe Alaska State Troopers 11-20 had actual or constructive notice that that Jason Anderson, Sr. was traveling in a black Jeep rental vehicle, and that he was traveling in that vehicle with his children, minor J.A.II and minor D.A.

38. Given all the circumstances known or that should have been known, to the officers, certain of the Defendants, and/or their agents or employees, the plan also negligently deviated from their (Marshal's) own policies, procedures, and training, to apprehend Jason Anderson, Sr., and was culpable, defective, negligent, reckless and likely to cause danger, harm and injury to the two minor children, minor J A.II and minor D.A. The United States of America and/or United States Marshal's Office, Defendant Kevin Guinn, Defendant John Olson, Jr., Defendants John Does I-X, and certain other entities and individuals including, certain of the following, the City of Homer, Homer Police Department, State of Alaska, and Alaska State Troopers, and certain of the named Defendants, with such active and/or

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

constructive knowledge, initiated, proceeded, and after notice that plan was going astray and awry, still proceeded, to attempt the apprehension in a defective and dangerous manner. The State of Alaska, Alaska State Troopers, and certain of the named Defendants, despite such knowledge, were still standing by to, and in fact did, aid and abet the defective plan and attempt as to the apprehension of Jason Anderson, Sr.

39. In planning and attempting to execute said plan(s), it was apparent, or should have been apparent, to certain of the officers and/or Defendants that the plan was both initially defective, and then went astray and awry. Notwithstanding that, due to their initial plan going astray and awry and the increased danger to the children was foreseeable, certain of the officers and/or Defendants continued to proceed with the attempted apprehension. Said officers and/or Defendants negligently, recklessly, and/or culpably failed to abort the plan. Certain of the officers and/or defendants negligently, recklessly and/or with willful indifference, planned and proceeded with the plan in the first instance, and further, proceeded in such culpable fashion in failing to abort the plan.

40. Certain of the officers and/or Defendants continued to attempt an apprehension, notwithstanding the fact that it was foreseeable that the apprehension would be in the presence of the children, and consequently, the children would be subjected

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

to foreseeable danger, harm and injury with further injury to their mother.

41.    In spite of the foregoing information, Defendants Guinn and Olson, along with Sgt. Hutt, Officer Luck, Officer Shealy, and/or other officers drove their vehicles up to Anderson Sr.'s vehicle at the Homer Airport on March 1, 2006, and confronted him.

42.    Guns were drawn and a shootout ensued.

43.    During the shootout, a bullet struck minor J.A.II through his head and brain, causing him severe and permanent injuries, and extreme emotional distress.

44.    During the shootout, minor D.A. was put in fear of losing her life; she witnessed her brother being shot and permanently injured; she witnessed her father being shot and killed; and she suffered extreme emotional distress.

45.    Plaintiff Cherry Dietzmann, who had been cooperating with law enforcement officials to apprehend Jason Anderson, Sr. and to secure the safe return of her children, minor J.A. II and minor D.A., and had been promised same, was told over the telephone that minor J.A.II had been wounded and that Jason Anderson, Sr. had been killed.  She was advised to meet her son at Providence Alaska Medical Center in Anchorage, where he was to be med-evacuated.

46.    At the hospital, doctors informed Cherry Dietzmann of

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Case 3:09-cv-00019-RJB   Document 1   Filed 01/30/09   Page 16 of 25

the severity of minor J.A.II's injuries and that he would probably die. Cherry Dietzmann did not have time to "steel" herself prior to seeing her son fighting for his life because of the bullet through his brain, or prior to seeing her traumatized daughter minor D.A.

47. Cherry Dietzmann suffered extreme emotional distress from this news, and continued to experience mental pain and anguish from seeing minor J.A.II endure multiple surgeries, medical emergencies, a devastating stroke, and suffering massive permanent debilitating brain injuries, and from seeing her traumatized daughter minor D.A.

48. Moreover, following the shootout, the State of Alaska assumed emergency custody of minor J.A.II and minor D.A., and placed minor D.A. in foster care for nearly six weeks after the shootout. As a result of being forcibly separated from minor D.A., Cherry Dietzmann experienced emotional distress. Minor, D.A, in turn, suffered emotional distress from being separated from her family for nearly six weeks after the traumatic events of March 1, 2006.

49. All of the Defendants and/or agents of the Defendants and/or officers and/or persons acting in concert with them, acted in a culpable fashion and/or contrary to reasonable and/or standard police policies, procedures, custom, practice, and/or training in planning to attempt to apprehend and/or attempting

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

to apprehend Jason Anderson, Sr. at the time and in the manner that they did, and in failing to suspend the decision to apprehend Anderson, Sr. when it was reasonable that they should do so. As a direct and proximate result of their unreasonable and culpable conduct, breaches of policy, procedure, custom, practice, training, and/or duty, minor J.A. II was permanently and catastrophically injured, and all of the Plaintiffs suffered and will suffer emotional distress, loss of consortium, economic loss, harm, and other damages.

50. The United States of America and/or United States Marshal's Office are vicariously liable for the actions of the United States Deputy Marshals Guinn and Olson and/or the other Defendants and/or the arresting officers and/or their agents and/or persons acting in concert with them. The United States Marshal's Office is also directly liable for the failure to adequately train and/or supervise and/or establish appropriate police practices and procedures to deal with a hostage situation and/or arrest in the presence of innocent parties exposed to harm, and for allowing the culpable officers to participate in the attempted apprehension, and to act as they did.

51. The State of Alaska took minor D.A. away from her mother Cherry Dietzmann after the tragic shootout, further exacerbating Cherry Dietzmann and minor D.A.'s emotional distress over the shootout, and the horrible injuries incurred

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

by minor J.A.II.  The Defendants United States of America and/or United States Marshal's Office and/or Defendant Guinn and/or Defendant Olson and/or Defendants John Does I-X are responsible for all damages resulting thereof, including emotional distress and loss of consortium.

52.  Due to a manner in which the post-shooting investigation was conducted, including the conflict of interest presented as to the investigators conducting same, and the conduct of the investigators and certain of the Defendants, the United States of America and/or the United States Marshal's Office, Defendant Kevin Guinn, Defendant John Olson, Jr., Defendants John Does I-X, and certain other entities and individuals including, certain of the Defendants who participated in said investigation in a culpable fashion, were and/or are culpable and liable for spoliation of evidence and/or violation of Plaintiffs' rights to full and fair civil and criminal investigation under the applicable Alaska statutes, Federal Statutes, and Alaska and United States constitutional provisions and common law.

54.  This spoliation of evidence and/or failure to conduct an investigation included, but was not limited to, failing to properly interview witnesses in a timely fashion, collect physical evidence, preserve physical evidence, and record statements.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

## IV. NEGLIGENCE AND/OR RECKLESSNESS AND/OR OTHER CULPABLE CONDUCT

55. Plaintiffs hereby re-plead, re-complain, re-state and re-allege and incorporate paragraphs 1 through 54 above as though fully set forth herein.

56. The negligence and/or recklessness and/or culpable conduct of certain of the named Defendants and/or their agents and/or persons acting in concert with them included, but was not limited to:

a. Devising and/or participating in a plan to apprehend Jason Anderson, Sr. that was defective and/or unreasonable and/or contrary to appropriate and/or reasonable and/or standard law enforcement policies, procedures, custom, practice, and/or training, and would forseeably lead to harm and injury of the Plaintiffs.

b. Failing to suspend the decision to arrest Jason Anderson, Sr. and failing to retreat, and pursuing the attempted apprehension with resulting shoot out, acting contrary to safe and reasonable attempts to apprehend Jason Anderson, Sr., when it became evident that Jason Anderson, Sr. could not be safely apprehended without unreasonable risk to minor J.A.II and minor D.A.;

c. Certain of the defendant law enforcement officers had propensities to act impulsively, inappropriately and/or

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571


violently, which propensities were known and/or should have been known by supervisors and/or the United States Marshal's Office. Corrective action was not taken and defendants are liable for said negligent, reckless, and/or intentional culpable conduct and such conduct and/or the indifference to same should result in culpability against the United States defendants, including the individual federal law enforcement officers, for violation of federally protected statutory and constitutional rights under applicable law including the Bivens doctrine.

       d.   violations of other duties as will be revealed through discovery.

57.   The Defendants' actions were not immune.

58.   As a direct and proximate result of the Defendants' culpable conduct, negligence and/or recklessness, minor J.A.II, was seriously and permanently injured, and all of the Plaintiffs have suffered, and will suffer, extreme emotional distress.

59.  As a direct and proximate result of the Defendants' culpable conduct, negligence and/or recklessness, the Plaintiffs have suffered and will suffer injuries, have incurred and will incur medical bills, and have suffered and will suffer personal injuries and damages and economic damage.

60.   As a direct and proximate result of the Defendants' culpable conduct, negligence and/or recklessness, the Plaintiff minor J.A.II suffered permanent and catastrophic disabilities,

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

brain damage, gross disfigurement, and will require lifelong around-the-clock care for remainder of his natural life.

61. As a direct and proximate result of Defendants' culpable conduct, negligence and/or recklessness, the Plaintiffs have experienced and will suffer pain and mental anguish, in an amount to be proven at trial.

62. As a direct and proximate result of the Defendants' culpable conduct, negligence and/or recklessness, Cherry Dietzmann, the mother of minor J.A.II, has been and will be deprived of the consortium, companionship, and care of her son and daughter, in an amount to be proven at trial.

63. As a direct and proximate result of the Defendants' culpable conduct, negligence and/or recklessness, minor D.A. has been deprived of the consortium, companionship, and care of her brother, minor J.A.II, and he of her, in amounts to be proven at trial.

64. Defendants acted with negligence and/or extreme recklessness and/or outrageous disregard and/or with reckless indifference to the interests of another person concerning the likelihood of harm to persons such as the Plaintiffs. As a direct and proximate result of that conduct, Plaintiff minor J.A.II was permanently and catastrophically injured and all of the Plaintiffs suffered and will suffer extreme emotional distress and other damages set out and all damages caused by

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

such culpable conduct.

65. Plaintiffs note that Defendants may attempt to claim contrary to reality and evidence that the shot that grievously and catastrophically wounded minor J.A. was fired by his deceased father, the subject of the ill-advised operation.

While that claim will fail in litigation, it is largely irrelevant given the culpable conduct of defendants in planning and/or precipitating and/or executing the operation and confrontation and continuing to unreasonably pursue the attempted apprehension with resulting shootout, given the knowledge the defendants had that to do so meant almost certain injury or death to a child, which, in fact, occurred.

## V.   **PUNITIVE DAMAGES**

66. Plaintiffs hereby re-plead, re-complain, re-state and re-allege and incorporate paragraphs 1 through 65 above as though fully set forth herein.

67. The conduct of Defendants and/or their employees and/or agents and/or persons acting in concert with them, individually, jointly and severally was willful, wanton, reckless and with reckless indifference and/or in deliberate disregard of the foreseeable consequences and the interests of other persons, and calls for the imposition of punitive damages against all defendants individually, jointly and severally who

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

are subject to same under the law in an appropriate amount to chill and deter such conduct in the future, with due regard to the nature of the culpable conduct at issue, and harm to plaintiffs, and the net worth of the respective defendants.

**WHEREFORE** the Plaintiffs seek the following relief:

a. Compensatory damages on behalf of plaintiff minor J.A.II against defendants jointly and/or severally in excess of $75,000,000, the exact amount to be proved at trial;

b. Compensatory damages on behalf of plaintiff minor D.A. in excess of $5,000,000 against defendants jointly and/or severally, the exact amount to be proved at trial;

c. Compensatory damages on behalf of plaintiff Cherry Dietzmann in excess of $20,000,000 against defendants jointly and severally, the exact amount to be proved at trial;

d. Monetary damages sufficient to compensate all Plaintiffs for their emotional distress;

e. For punitive damages against each Defendant in his individual capacity for which such damages are allowable by law in an appropriate amount;

f. For appropriate prejudgment and post-judgment interest

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

in the maximum amount allowable by law;

g.   An award of costs, attorneys' fees, interest, and other

relief as the Court may deem just and equitable;

DATED this 30 day of January, 2009, at Anchorage, Alaska.

WADE, KELLY & SULLIVAN
Co-Counsel for Plaintiffs,
Andersons and Dietzmann

By: _Phillip Paul Weidner for_
Pamela S. Sullivan, Esq.
ABA 9711072

WADE, KELLY & SULLIVAN
Co-Counsel for Plaintiffs,
Andersons and Dietzmann

By: _Phillip Paul Weidner for_
Marion C. Kelly, Esq.
ABA 9711064

PHILLIP PAUL WEIDNER & ASSOCIATES
Co-Counsel for Plaintiffs,
Andersons and Dietzmann

By: _Phillip Paul Weidner_
Phillip Paul Weidner, Esq.
ABA No. 7305032

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571