IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHERRY DIETZMANN, Individually; MINOR J.A. II, by and through his Mother and Guardian, CHERRY DIETZMANN; and MINOR D.A. by and through her mother and Guardian, CHERRY DIETZMANN,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; *et al.*,<br><br>    Defendants,<br><br>UNITED STATES,<br><br>    Defendant/Third Party Plaintiff,<br><br>vs.<br><br>CITY OF HOMER,<br><br>    Third Party Defendant/ Third Party Plaintiff,<br><br>vs.<br><br>JASON ANDERSON Sr.,<br><br>    Third Party Defendant. | Case No. 3:09-cv-0019-RJB<br><br>**ORDER ON MOTION FOR RULE OF LAW ON APPORTIONMENT OF FAULT OF JASON ANDERSON, SR.** |

This matter comes before the Court on the Third Party Defendant/ Third Party Plaintiff City of Homer's ("Homer") Motion for Rule of Law on Apportionment of Fault of Jason Anderson, Sr. (Dkt. 39) and the Federal Defendants' Motion for Ruling of Law on Apportionment of Fault to Jason

Anderson, Sr. Under AS 09.17.080 (Dkt. 47). The Court has considered the pleadings filed regarding the motions and the file herein.

# I.     **FACTS**

## A.    **BASIC FACTS**

This case arises from a shooting incident occurring on or about March 1, 2006, in Homer Alaska. Dkt. 1. Plaintiffs make claims against the United States, the United States Marshal's Office, and Deputy Marshals Kevin Guinn and John Olson, Jr., and John Does I-X ("Federal Defendants") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.,* the Alaska and United States Constitution, and Alaska state law. Dkt. 1.

According to the Complaint, the shooting occurred when federal and local law enforcement officers, including United States Marshals, Alaska State Troopers and members of the Homer Police Department attempted to arrest Jason Anderson, Sr. *Id*. Mr. Anderson had his two children, (Plaintiffs in this case) J.A. and D.A., with him in the car when the incident occurred. *Id.* The Complaint alleges that Mr. Anderson and the officers exchanged gun fire and that Mr. Anderson was killed. *Id.* J.A. was shot in the head and suffered massive permanent brain damage as a result. *Id.* His sister, D.A., was not shot, but witnessed the shoot-out. *Id.* The Complaint alleges that the State of Alaska then took "emergency" custody of J.A. and D.A. for six weeks. *Id.*

The United States filed an answer and third party complaint seeking apportionment against the City of Homer under AS 09.17.080. Dkt. 27. The City of Homer filed a third party complaint against Jason Anderson, Sr., for apportionment under AS 09.17.080. Dkt. 29. The Federal Defendants also seek to apportion fault to Jason Anderson, Sr., under AS 09.17.080. Dkt. 47.

Parties acknowledge that no estate has been opened on behalf of Jason Anderson, Sr.

## B.    **PENDING MOTIONS**

Homer moves for an order permitting apportionment against Jason Anderson, Sr. without the necessity of establishing an estate for Jason Anderson, Sr. Dkt. 39. Homer argues that in Alaska, if a defendant wants to apportion fault to an "empty chair," it may do so unless that person or entity can be reasonably joined under AS 09.17.080. Dkt. 40. Homer asserts it is unable to serve Mr. Anderson, because he is deceased, and Plaintiffs are refusing to open an estate or stipulate to having Mr. Anderson

1  be held as not "reasonably locatable." *Id.* Homer states that it also does not believe that it could
2  "collect on an award of attorney fees and costs if apportionment occurred." *Id.* at 5. Homer is moving
3  the Court for an order finding that, in the circumstances, Homer and the Federal Defendants be
4  permitted to apportion fault against Jason Anderson, Sr. without the necessity of opening an estate. *Id.*

5  The Federal Defendants have also filed a Motion for a Ruling of Law on Apportionment of Fault
6  to Jason Anderson, Sr. Dkt. 47. They argue that the statute does not impose a requirement that an estate
7  be opened to apportion fault the Jason Anderson Sr. Dkt. 48. They assert that they are not creditors for
8  the purposes of probate proceedings or estate claims under Alaska probate law. *Id.*

9  The Plaintiffs file a Response to Homer's motion, arguing that it should be denied because
10 nothing has stopped it, or the Federal Defendants for that matter, from opening an estate on behalf of
11 Jason Anderson, Sr. Dkt. 43. Plaintiffs argue that such an estate is "reasonably locatable," and that the
12 Defendants here have a "sufficient opportunity to join" the estate. *Id.* Plaintiffs also file a Response to
13 the Federal Defendants' motion, arguing that Defendants failure to add the estate precludes them from
14 apportioning fault to Jason Anderson, Sr. Dkt. 54. Plaintiffs argue that the Federal Defendants and
15 Homer are potential creditors of the estate. *Id.* Plaintiffs argue that if fault is "allocated to Jason
16 Anderson, then presumably the defendants may seeks costs or attorney's fees against Anderson's
17 estate." *Id.,* at 3. Plaintiffs argue that they "should also be able to enforce any judgment in their favor
18 which is issued against Anderson." *Id.* Plaintiffs argue that in Alaska, if allocation of both percentages
19 of fault and percentages of causation of each defendants' conduct to the injury is not possible, the
20 liability of such defendants becomes joint and several, citing *General Motors Corp. v. Farnsworth*, 965
21 P.2d 1209 (Alaska 1998). *Id.,* at 5. Plaintiffs argue that AS 09.17.080 also requires it be legally
22 possible to determine both the percentage of fault and causation as to each defendant and that it is not
23 possible here. *Id.* Plaintiffs move the court for a ruling that as a matter of law "the brain injuries
24 sustained by minor J.A. II are indivisible injuries, the defendants are concurrent tortfeasors,
25 apportionment of damages and such defendants' liability under AS 09.17.080 is not appropriate, and
26 defendants are jointly and severally liable." Dkt. 54, at 34.

27 Homer replies, arguing that it should not be forced to open the estate. Dkt. 46. It argues that
28 "[i]t is apparent from Plaintiffs' opposition that Plaintiffs have no economic interest or any other interest

in having an estate opened." *Id.,* at 2. Homer argues that it should not have to spend the additional time and money to do so, when litigation expenses are already high. *Id.*

The Federal Defendants argue that they are entitled to seek apportionment of fault and are not required to open an estate. Dkt. 58. The Federal Defendants argue that the plain language of Alaska tort law mandates several liability for defendants, and does not require a calculation of "percentage of causation" contrary to Plaintiff's assertions. *Id.* They argue that Alaska Legislature's establishment in 1997 of pure several liability and mandatory allocation of fault supercedes any contrary common law theories. *Id.*

## II.  **DISCUSSION**

In cases like this one, brought under the FTCA, "[a] court must look to state law for the purpose of defining the actionable wrong for which the United States shall be liable." *U.S. v. Park Place Associates, Ltd.*, 563 F.3d 907, 922 (9th Cir. 2009)(*internal citation omitted*). State laws regarding apportionment of fault also apply. *Martin By and Through Martin v. U.S.*, 984 F.2d 1033 (9th Cir. 1993). Alaska's apportionment of fault statute, AS 09.17.080, provides,

> (a) In all actions involving fault of more than one person, including third-party defendants and persons who have settled or otherwise been released, the court, unless otherwise agreed by all parties, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings, indicating:
>
> (1) the amount of damages each claimant would be entitled to recover if contributory fault is disregarded; and
>
> (2) the percentage of the total fault that is allocated to each claimant, defendant, third-party defendant, person who has been released from liability, or other person responsible for the damages unless the person was identified as a potentially responsible person, the person is not a person protected from a civil action under AS 09.10.055, and the parties had a sufficient opportunity to join that person in the action but chose not to; in this paragraph, "sufficient opportunity to join" means the person is
>
>> (A) within the jurisdiction of the court;
>>
>> (B) not precluded from being joined by law or court rule; and
>>
>> (C) reasonably locatable.
>
> (b) In determining the percentages of fault, the trier of fact shall consider both the nature of the conduct of each person at fault, and the extent of the causal relation between the conduct and the damages claimed.
>
> (c) The court shall determine the award of damages to each claimant in accordance with the findings and enter judgment against each party liable. The court also shall determine

and state in the judgment each party's equitable share of the obligation to each claimant in accordance with the respective percentages of fault as determined under (a) of this section. Except as provided under AS 23.30.015(g), an assessment of a percentage of fault against a person who is not a party may only be used as a measure for accurately determining the percentages of fault of a named party. Assessment of a percentage of fault against a person who is not a party does not subject that person to civil liability in that action and may not be used as evidence of civil liability in another action.

"Alaska Statute 09.17.080 provides for the apportionment of damages in actions involving the fault of more than one person, but specifically prohibits allocating fault to a person identified as a potentially responsible person if the parties had a sufficient opportunity to join that person in the action but chose not to." *L.D.G., Inc. v. Brown*, 211 P.3d 1110, 1122 (Alaska 2009) (*internal citations omitted*). "A sufficient opportunity is found where the non-party is (A) within the jurisdiction of the court; (B) not precluded from being joined by law or court rule; and (C) reasonably locatable." *Id.*

Homer and the Federal Defendants' motions should be granted. The Defendants have alleged facts, which if believed, would entitle them to apportion fault to Jason Anderson, Sr. Moreover, Homer and the Federal Defendants have made a showing that they do not have a "sufficient opportunity to join" Jason Anderson, Sr. Because Mr. Anderson is deceased, he is not "within the jurisdiction of the court" or "reasonably locatable." Mr. Anderson is a "potentially responsible person" who the Defendants do not have a sufficient opportunity to join.

While no law or court rule precludes the joinder of an estate for a responsible decedent, the Defendants should not be forced to open an estate for Mr. Anderson. Alaska law provides that "[p]ersons interested in decedents' estates may apply to the registrar for determination in the informal proceedings . . . , and may petition the court for orders in formal proceedings within the court's jurisdiction." AS 13.16.025. Under AS 13.16.065 a creditor may open an estate for a person who is deceased. There is no showing here that Homer or the Federal Defendants are, or would be, "interested in [Jason Anderson, Sr.'s] estate" or creditors of such an estate. AS 13.16.025 and AS 13.16.065. There is no showing that opening an estate, and expending the costs involved, is required under Alaska law in order to apportion fault to a decedent under AS 09.17.080. This Court makes no ruling on whether any of the parties hereto may open an estate for Jason Anderson, Sr. That is a matter within the jurisdiction of the Alaska State Courts.

1 | Plaintiffs cite *General Motors Corp. v. Farnsworth*, 965 P.2d 1209 (Alaska 1998), for the
proposition that if the allocation of both percentages of fault and causation of each defendants' conduct
is not possible, then their liability to the Plaintiff becomes joint and several. *Farnsworth* was a product
liability case where the plaintiff asserted that a defective seat belt was the cause of her injuries. *Id.* She
acknowledged, though, that she misused the seatbelt - placed the seatbelt under her arm rather than
across her body. *Id.* The question before the Alaska Supreme Court was whether in a strict product
liability action, product misuse would be sufficient to allow the defense of comparative negligence. *Id.*
The Court concluded that it was. *Id. See also Smith v. Ingersoll-Rand Co.*, 14 P.3d 990, 993 (2000).
The *Farnsworth* Court further held that in design defect cases, "once the plaintiff proves that the
defendant's defective design was a substantial factor in causing the injury, the defendant must be held
jointly and severally liable for the entire harm." *Farnsworth*, at 1218.

Contrary to Plaintiffs' assertions, *Farnsworth* is not instructive. This case is not a product
liability case which starts with the premise of strict liability of a manufacturer/defendant. There is no
allegation that Plaintiffs are comparatively liable here for their injuries such that their recovery would be
"diminishe[d] proportionately" under AS 09.17.060 as was the case in *Farnsworth*. This is not a case
where a manufacturer/defendant is jointly and severally liable for Plaintiffs' entire harm as in
*Farnsworth*. The Alaska State Supreme Court has noted that "under a system of joint and several
liability (the former system in Alaska), the defendants are prejudiced because they face the risk of
paying more than their fair share of damages, and must sue other co-defendants for contribution to
remedy the situation." *Evans ex rel v. State,* 56 P.3d 1046, 1062 (Alaska 2002). The Alaska Legislature
has made a policy decision to adopt a comparative negligence system of several liability. *Id.* The case
at bar is a case grounded in negligence principles. Plaintiffs make no showing that the statutory
language of AS 09.17.080 allows for exceptions in cases of "indivisible injuries" in cases which are not
product liability cases.

Under Alaska's current plan, "the AS 09.17.080 comparative negligence scheme, plaintiffs are
prejudiced because they risk getting less than their fair share of compensation" because defendants do
not face the risk of paying more than their fair share of damages. *Evans,* at 1062. While Plaintiffs'
reluctance to potentially have fault apportioned to Jason Anderson, Sr. is understandable, Homer and the

Federal Defendants have made an adequate showing that they are entitled to apportion his fault, if any, to him and that they do not have a "sufficient opportunity to join" him. Homer's Motion for Rule of Law on Apportionment of Fault of Jason Anderson, Sr. (Dkt. 39) and the Federal Defendants' Motion for Ruling of Law on Apportionment of Fault to Jason Anderson, Sr. Under AS 09.17.080 (Dkt. 47) should be granted.

### III. ORDER

Accordingly, it is hereby **ORDERED** that:

- City of Homer's Motion for Rule of Law on Apportionment of Fault of Jason Anderson, Sr. (Dkt. 39) is **GRANTED**;
- the Federal Defendants' Motion for Ruling of Law on Apportionment of Fault to Jason Anderson, Sr. Under AS 09.17.080 (Dkt. 47) is **GRANTED**; and

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 22nd of February, 2010.

Robert J. Bryan
United States District Judge