IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHERRY DIETZMANN, individually; MINOR J.A. II, by and through his mother and guardian, CHERRY DIETZMANN; and MINOR D.A. by and through her mother and guardian, CHERRY DIETZMANN,<br>　　　　　　Plaintiffs,<br>　vs.<br>CITY OF HOMER, the HOMER POLICE DEPARTMENT; SERGEANT WILLIAM HUTT, individually and as an agent or employee of the Homer Police Department; SERGEANT DAVID SHEALY, individually and as an agent or employee of the Homer Police Department; OFFICER STACY LUCK, individually and as an agent or employee of the Homer Police Department; UNITED STATES OF AMERICA; UNITED STATES MARSHAL'S SERVICE; KEVIN GUINN, in his official capacity as a United States Deputy Marshal, and in his individual capacity; and JOHN OLSON, JR., in his official capacity as a United States Deputy Marshal, and in his individual capacity,<br>　　　　　　Defendants. | Case No. 3:09-cv-00019-RJB<br><br>**ORDER ON UNITED STATES' OBJECTION TO MAGISTRATE JUDGE CREATURA'S DECEMBER 3, 2010, ORDER** |

This matter comes before the Court on the United States' Fed. R. Civ. P. 72 (a) Objection to Magistrate Judge Creatura's December 1, 2010, Order (Dkt. 226) and Motion for Expedited Review (Dkt. 227). The Court has considered the pleadings and the remainder of the record.

The facts and procedural history of this case are in the Court's Order on the Parties' Motions for Summary Judgment and Various Other Motions (Dkt. 216, at 1-15) and Magistrate Judge Creatura's Order Re: Settlement Conference (Dkt. 222, at 1-5), and are adopted here by reference.

The Order Re: Settlement Conference was filed December 3, 2010. Dkt. 222. On December 6, 2010, the United States filed its objections to the December 3, 2010, Order. Dkt. 226. The United States also filed a Motion for Expedited Review of its objections. Dkt. 227. The parties' settlement conference is scheduled for this Friday, December 10, 2010. In light of the issues raised by the United States' objections, the Motion for Expedited Review (Dkt. 227) should be granted.

The United States argues that the Magistrate Judge's December 3, 2010, Order, which requires that "designated representatives of each party 'with FULL AUTHORITY to settle ALL CLAIMS' be physically present at an upcoming settlement conference" (Dkt. 226, at 2), be set aside pursuant to Fed. R. Civ. P. 72(a). Dkt. 226.

Fed. R. Civ. P. 72(a) provides:

> Nondispositive Matters. A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

The United States' objections should be overruled, and motion to set aside the December 3, 2010, Order should be denied. The United States argues that forcing it to have "high ranking officials" with settlement authority at every settlement conference is unwise and not practical. Dkt. 226. Even if that were true, the United States has failed to show that in this case, the Order Re: Settlement Conference (Dkt. 222) was "clearly erroneous or contrary to law."

The Order at issue here applies only to this case. It does not require that officials with settlement authority attend every settlement conference involving the United States. Parties should recognize that this is a particularly difficult case involving multiple parties, claims, and defenses. The damages are

potentially large. The case involves travel for witnesses and lawyers, some for thousands of miles. This dispute has necessitated visiting judges. While the Court is sympathetic to the schedule of the officials in Washington D.C., in this unusual case, it is necessary that all involved be flexible. The parties may consider, with Magistrate Judge Creatura, alternatives to physical presence, such as teleconferencing or videoconferencing. Surely decisions makers can do their job better if they are parties to the discussions at a settlement conference, and do not get all of their information from a single partisan source.

Moreover, parties sought and were given an opportunity to file extensive dispositive motions and to extend the date of the mediation to allow for the Court's ruling on those motions. The trial date is fast approaching. All parties should endeavor to make the settlement conference as successful as possible.

Therefore, it is hereby, **ORDERED** that:

- The United States' Motion for Expedited Review (Dkt. 227) is **GRANTED**;
- The United States' Fed. R. Civ. P. 72(a) Objection to Magistrate Judge Creatura's Order (Dkt. 226) is **OVERRULED**;
- The Order RE: Settlement Conference (Dkt. 222) is **AFFIRMED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 7th day of December, 2010.

Robert J. Bryan
United States District Judge

3